


**United States Department of the Interior**
BUREAU OF LAND MANAGEMENT
White River Field Office
73544 Highway 64
Meeker, Colorado 81641

In Reply Refer To:
4710; 4720 (CO-11000)

August 1, 2006

### NOTICE OF FINAL DECISION
### FULL FORCE AND EFFECT
### 2006 PICEANCE-EAST DOUGLAS HERD MANAGEMENT AREA
### WILD HORSE REMOVAL

Following a thorough review of current monitoring data and recognizing wild horses are to be managed in thriving, natural ecological balance with other multiple uses and resources, the Bureau of Land Management, White River Field Office (WRFO) has determined the wild horse population in the Piceance-East Douglas Herd Management Area (HMA) exceeds the appropriate management level (AML) and is no longer in balance with other resources managed in the HMA. In accordance with the Federal Land Policy and Management Act of 1976; the Wild, Free Roaming Horse and Burros Act of 1971; the 43 Code of Federal Regulation (CFR) 4720.1; and the White River Resource Management Plan, WRFO plans to gather approximately 436 wild horses from within the HMA and all wild horses located outside of the HMA (approximately 50-100 wild horses) in September, 2006.

This full force and effect decision entails the capture of approximately 436 wild horses and the age selective removal of approximately 301 wild horses from the Piceance-East Douglas Herd Management Area and the capture and removal or relocation of approximately 62 wild horses from outside the Piceance-East Douglas Herd Area. The full force and effect decision also includes the capture and removal of all wild horses that have relocated into allotments adjoining the Piceance-East Douglas Herd Management Area. The majority of captured horses between the age of foal and five (5) years will be placed into the BLM adoption program. Exceptions to this will be horses deemed unadoptable; horses desirable for return to the herd, and horses determined unable to withstand the stress associated with the aspects of capture, transport, and confinement. Horses older than five years of age will either be offered for adoption or sent to long term holding facilities. At the completion of the removal project the Piceance-East Douglas herd will consist of approximately 135 adult wild horses. Allotments adjoining the Herd Management Area will not contain wild horses.

Fertility control will be applied to approximately 40 to 60 mares that will be gathered and then returned to the HMA.

The gather operation will primarily be completed using the helicopter drive-trapping and helicopter-roping methods of capture while hay and water trapping are considered secondary

capture methods. Helicopter-roping will only be used on a case-by-case basis, for specific horses, when roping is determined more effective than helicopter drive-trapping. A veterinarian will be on site or on immediate call during the gather project.

In response to crucial range conditions resulting from drought, and to allay the risk of range degradation likely to occur should the removal be delayed, this action will be completed under the auspice of a full force and effect decision. The decision will be implemented as soon as funding becomes available, and following a thirty day appeal period granted to assure affected and interested parties time to review this management decision. The full force and effect decision remains in effect until the action described in CO-110-06-030-EA is completed. The rationale for placing this decision in full force and effect is as follows:

1. Any delay in action would have a direct, negative impact on plant communities relied upon by wild horses, wildlife, and livestock and, in turn, would consequently negatively affect the habitat of these animal species.
2. Drought conditions have resulted in substantially low plant vigor and production with consequent limited forage for wild horses and other range users.
3. Implementation of the plan is expected to bring the wild horse population, wildlife, livestock and plant community into a state of thriving, natural ecological balance.
4. Wild horses that have relocated outside the Piceance-East Douglas Herd Management Area into locations outside the boundaries will be removed.

Authority: The authority for this decision is contained in Title 43 of the Code of Federal Regulations 4700.0-6(a), Policy, which states: "Wild horses and burros shall be managed as self-sustaining populations of healthy animals in balance with other uses and the productive capacity of their habitat."

Title 43 of the Code of Federal Regulations 4710.4, Constraints on Management that states: "Management of wild horses and burros shall be undertaken with the objective of limiting the animals' distribution to herd areas."

Sec. 3(a) and (b) and Sec. 4 of the Wild Free-Roaming Horse and Burro Act (P.L. 92-195) as amended, and in Title 43 of the Code of Federal Regulations, 4700.0-1, Purpose which recognizes the protection of wild horses by stating: "The purpose of these regulations is to implement the laws relating to the protection, management, and control of wild horses and burros under the administration of the Bureau of Land Management."

Full Force and Effect Authority: The authority for the Full Force and Effect decision can be found at 43 Code of Federal Regulations 4770.3(c) which states: "The authorized officer may place in full force and effect decisions to remove wild horses or burros from public lands if removal is required by applicable law or to preserve or maintain a thriving ecological balance and multiple use relationship. Full force and effect decisions shall take effect on the date specified, regardless of an appeal. Appeals and petitions for stay of decisions shall be filed with the Interior Board of Land Appeals, as specified in this part."

Appeals: Within 30 days of receipt of this decision, interested and affected parties have the right of appeal to the Board of Land Appeals, Office of the Secretary, in accordance with the regulations at 43 Code of Federal Regulations, Part 4, Subpart E, and 43 Code of Federal Regulations 4770.3(a) and (c). Within 30 days after filing a Notice of Appeal, parties are required to provide a complete statement of the reasons why you are appealing. The appellant has the burden of showing that the decision appealed from is in error. If a party wishes to file an appeal and petition for a stay, the petition for a stay must accompany the notice of appeal and be in accordance with 43 Code of Federal Regulations, submitted to (1) the Regional Solicitor's Office, Rocky Mountain Region, P.O. Box 25007, Denver, Colorado, 80225 and (2) White River Field Office, 73544 Highway 64, Meeker, Colorado, 81641. The original documents should be filed with the White River Field Office.

Any party requesting a stay bears the burden of proof to demonstrate why a stay should be granted. A petition for a stay of a decision pending appeals shall show sufficient justification based on the following standards:

- The relative harm to the parties if the stay is granted or denied,
- The likelihood of the appellant's success on the merits,
- The likelihood of immediate and irreparable harm if the stay is not granted, and
- Whether the public interest favors granting the stay.

Additional Information: Contact Melissa J. Kindall, Range Technician at 970/878-3842 with questions relating to this management decision.

Approval:

for _____     August 1, 2006
Kent E. Walter, Field Office Manager     Date
White River Field Office

CO-110-2006-030-EA