UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COLORADO WILD HORSE AND BURRO COALITION, et al.,** </br></br> Plaintiffs </br></br> v. </br></br> **DIRK KEMPTHORNE,** </br> in his official capacity as Secretary, </br> United States Department of Interior, **et al.,** </br></br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> Civil No. 06-1609 (RMC) |

## JOINT STATUS REPORT

On October 5, 2006, this Court denied Plaintiffs' Motion for Temporary Restraining Order and ordered the parties "to confer and, no later than October 19, 2006, advise the Court whether this case is to proceed and, if so, submit a proposed schedule to govern further proceedings." On October 30, 2006, the Court granted the parties an extension to file this report until November 9, 2006. The parties have conferred by telephone and email on several occasions and have been unable to reach an agreement about how this case should proceed. As, a result, the parties respectfully submit the following statement.

Defendants have informed Plaintiffs that the Bureau of Land Management ("BLM") has completed all activities associated with its Notices of Final Decision Full

Force and Effect for the 2006 Piceance-East Douglas Herd Management Area ("East Douglas EA# CO-110-2006-030-EA") and the West Douglas Herd Area ("West Douglas EA# 110-2006-166-EA").  Plaintiffs have informed Defendants that they intend to seek leave to amend their complaint and they will make new allegations that are not exclusively related to the two final gather decisions referenced above.  More specifically, Plaintiffs advise that they believe that BLM has already made a final decision to remove all wild horses from the West Douglas Herd Area (the "West Douglas HA"), even if a final decision document has not been signed yet.  Defendants submit, as previously represented to the Court, that while it is true that the 1997 Resource Management Plan for the White River Resource Area ("the 1997 RMP") calls for the removal of all wild horses from this area by 2007, the 1997 RMP is a general planning document that does not authorize or implement any particular action.  BLM estimates that there are at least 101 wild horses present in the West Douglas HA and there is no existing decision document under which BLM intends to gather more wild horses from this area. Accordingly, Defendants intend to seek dismissal of plaintiffs' claims on the grounds that they are moot and will likely oppose any motion by Plaintiffs to amend their complaint.

Furthermore, as previously explained, BLM is in the process of reconsidering the directive in the 1997 RMP to remove all wild horses from the West Douglas HA and has published a lengthy environmental assessment that considers two alternatives: remove all wild horses from the West Douglas HA or manage a small herd of 29-60 wild horses in the area (the "Plan Amendment EA").  As explained in Defendants' opposition to Plaintiffs' motion for a temporary restraining order, BLM has not finalized a decision on how to amend the 1997 RMP and this issue is not ripe for judicial review.  *See* Defs.'

Opp. at n.12. There is no statutory or regulatory deadline for BLM to make this decision, but the agency anticipates that it will do so in the next two to three months.

Plaintiffs have also indicated that they would like to seek discovery in this case. Defendants contend that judicial review of actions by federal agencies under the Administrative Procedure Act is limited to the administrative record filed by the agency, with very limited exceptions. Defendants' position is that if BLM makes a final decision to remove all wild horses from the West Douglas HA, Plaintiffs may choose to file a new lawsuit related to that action, but Plaintiffs cannot legally challenge a final agency decision that has not been made. Defendants' response to Plaintiffs' Complaint is currently due November 17, 2006. The parties are still attempting to reach an agreement about a schedule for briefing and will advise the Court no later than that date.

Respectfully submitted,

/s/   Valerie J. Stanley

Valerie J. Stanley
D.C. Bar No. 384882
329 Prince George Street,
Laurel, MD 20707
(301) 549-3126
Counsel for Plaintiffs

/s/   Paul D. Lall
Paul D. Lall
Kevin J. Larsen
U.S. Department of Justice
Environment and Natural Resources Div.
601 D Street, N.W.
Washington, D.C. 20004
(202) 305-0201
Counsel for Defendants

Dated: November 9, 2006