# EXHIBIT E

 

United States Department of the Interior
BUREAU OF LAND MANAGEMENT
White River Field Office
73544 Highway 64
Meeker, Colorado 81641

In Reply Refer To:
4710; 4720 (CO-11000)

July 27, 2006

**NOTICE OF FINAL DECISION**
**FULL FORCE AND EFFECT**
**2006 WEST DOUGLAS HERD AREA**
**WILD HORSE REMOVAL**

According to the most recent aerial census, conducted in February 2005 and after factoring a growth rate of 20% for each year following the census (2005 and 2006) the wild horse population in Colorado's West Douglas Wild Horse Herd Area (HA) is conservatively estimated at 139 wild horses (inside the HA). Approximately nine (9) wild horses have relocated from the West Douglas HA into allotments adjoining the HA, however it is believed that up to 35 head of wild horses may have relocated outside of the HA. These allotments are not within the West Douglas HA. It is estimated that 23 of the wild horses will be foals which will be approximately six (6) months of age at the time of the gather. In compliance with 43 CFR 4710.4, all wild horses that have relocated outside the boundaries of the HA will be captured and removed. These animals will either be transported to BLM Canon City wild horse holding facility or offered for adoption locally.

This full force and effect decision entails the capture and removal of approximately 89 wild horses from within and capture and removal of all the wild horses that have located outside the West Douglas Herd Area. The full force and effect decision includes the capture and removal of all wild horses that have relocated into allotments adjoining the West Douglas Herd Area. The majority of captured wild horses between the age of foal and five (5) years will be placed into the BLM adoption program. Wild horses older than five years will be sent to long term holding facilities. At the completion of the removal project the West Douglas herd will consist of approximately 50 wild horses. Allotments adjoining the Herd Area will not contain wild horses.

The gather operation will be primarily completed using the helicopter drive-trapping and helicopter-roping methods of capture while hay and water trapping are considered secondary capture methods. Helicopter-roping will only be used on a case-by-case basis, for specific wild horses, when roping is determined more effective than helicopter drive-trapping. A veterinarian will be on-site or on immediate call during the gather project.

In response to crucial range conditions resulting from drought, and to allay the risk of range degradation likely to occur should the removal be delayed, this action will be completed under the auspice of a full force and effect decision. The decision will be implemented as soon as funding becomes available, and following a thirty day appeal period granted to assure affected and interested

parties time to review this management decision. The full force and effect decision remains in effect until the action described in CO-110-06-166-EA is completed. The rationale for placing this decision in full force and effect is as follows:

1. Any delay in action would have a direct, negative impact on plant communities relied upon by wild horses, wildlife, and livestock and, in turn, would consequently negatively affect the habitat of these animal species.
2. Drought conditions have resulted in substantially low plant vigor and production with consequent limited forage for wild horses and other range users.
3. Implementation of the White River Resource Management Plan of 1997.
4. Wild horses have relocated outside the West Douglas Herd Area into locations outside the boundaries.

Authority: The authority for this decision is contained in Title 43 of the Code of Federal Regulations 4700.0-6(a), Policy: Wild horses will be managed in accordance with approved land use plans. Section 1333 of the Wild Free-Roaming Horse and Burro Act of 1971, (WFRHBA), and the implementing regulations 43 CFR Subpart 4710.1 Land use planning, instruct the BLM that, "Management activities affecting wild horses and burros, including the establishment of herd management areas, shall be in accordance with approved land use plans prepared pursuant to part 1600 of this title."

Title 43 of the Code of Federal Regulations 4710.4, Constraints on Management that states: "Management of wild horses and burros shall be undertaken with the objective of limiting the animals' distribution to herd areas."

Sec. 3(a) and (b) and Sec. 4 of the Wild Free-Roaming Horse and Burro Act (P.L. 92-195) as amended, and in Title 43 of the Code of Federal Regulations, 4700.0-1, Purpose which recognizes the protection of wild horses by stating: "The purpose of these regulations is to implement the laws relating to the protection, management, and control of wild horses and burros under the administration of the Bureau of Land Management."

Full Force and Effect Authority: The authority for the Full Force and Effect decision can be found at 43 Code of Federal Regulations 4770.3(c) which states: "The authorized officer may place in full force and effect decisions to remove wild horses or burros from public lands if removal is required by applicable law or to preserve or maintain a thriving ecological balance and multiple use relationship. Full force and effect decisions shall take effect on the date specified, regardless of an appeal. Appeals and petitions for stay of decisions shall be filed with the Interior Board of Land Appeals, as specified in this part."

Appeals: Within 30 days of receipt of this decision, interested and affected parties have the right of appeal to the Board of Land Appeals, Office of the Secretary, in accordance with the regulations at 43 Code of Federal Regulations, Part 4, Subpart E, and 43 Code of Federal Regulations 4770.3(a) and (c). Within 30 days after filing a Notice of Appeal, parties are required to provide a complete statement of the reasons why you are appealing. The appellant has the burden of showing that the decision appealed from is in error. If a party wishes to file an appeal and petition for a stay, the

petition for a stay much accompany the notice of appeal and be in accordance with 43 Code of Federal Regulations, submitted to (1) the Regional Solicitor's Office, Rocky Mountain Region, P.O. Box 25007, Denver, Colorado, 80225 and (2) White River Field Office, 73544 Highway 64, Meeker, Colorado, 81641. The original documents should be filed with the White River Field Office.

Any party requesting a stay bears the burden of proof to demonstrate why a stay should be granted. A petition for a stay of a decision pending appeals shall show sufficient justification based on the following standards:

- The relative harm to the parties if the stay is granted or denied,
- The likelihood of the appellant's success on the merits,
- The likelihood of immediate and irreparable harm if the stay is not granted, and
- Whether the public interest favors granting the stay.

Additional Information: Contact Melissa J. Kindall of my staff at 970/878-3842 with questions relating to this management decision.

Approval:

_____    7/27/06
Kent E. Walter, Field Office Manager    Date
White River Field Office