**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| COLORADO WILD HORSE<br>AND BURRO COALITION, INC.,<br>**et al.,**<br><br>       **Plaintiffs**<br><br><br>**v.**<br><br>DIRK KEMPTHORNE,<br>in his official capacity as Secretary,<br>United States Department of Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240,<br>**et al.,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil No. 06-1609 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.  Introduction……………………………………………………………………….1

II.  Wild Horses in the White River Resource Area ………………………………2

III.  Passage of the Wild Free-Roaming Horses and Burros Act in
1971, Amendments Thereto and the WRRA's Response to These Statutes…..4

IV.  This Court Has Jurisdiction over Plaintiffs' Claims and They State Claims
Upon which Relief May be Granted…………………………………………….13

    A. Plaintiffs' Claims Have Been Timely Brought………………………..14

    B. Plaintiffs' Challenges to BLM's Actions and Failures to Act with
Regard to the Piceance-East Douglas Herd and West Douglas Herd
and to the Legality of the BLM "Instruction Memorandum"
Are Not Moot……………… …………………………………….…..16

    C.  BLM's Early Planning Documents, the 1997 RMP and the Instruction
Memo Are Final Agency Actions which this Court May Review…....23

2

IV.

D. This Court May Reach the Legal Issues Presented by Plaintiffs' First
Amended Complaint Despite the Pendency of the Protest to the 2005
Amendment to the Resource Management Plan…… …………………..26

V. Plaintiffs Have Stated Claims Upon Which Relief May be Granted…………….27

VI. Conclusion……………………………………………………………… 29