# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLORADO WILD HORSE<br>AND BURRO COALITION, INC.,<br>et al.,<br><br>      Plaintiffs<br><br>v.<br><br>DIRK KEMPTHORNE,<br>in his official capacity as Secretary,<br>United States Department of Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240,<br>et al., | Civil No. 06-1609 (RMC) |

**PLAINTIFFS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Plaintiffs request, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Defendants produce the documents listed below, and that a written response be served on the undersigned counsel within 30 days following service of this request.

**DEFINITIONS**

1. "Identify" (when used in reference to persons) means to state the name and last known business address and residence address, and, if other than natural persons, the full name and address of the entity.

2. "Identify" (when used in reference to documents) means to provide information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) the author(s), addressee(s) and recipient(s).

3.  "Identify" (with respect to communications or representations) means to provide, to the extent known, (i) the person or persons who made the communication or representation, (ii) the person or persons to whom the communication or representation was made; (iii) the date and time of the communication or representation; (iv) the method of communication or representation (e.g., written, oral, or telephonic).

4.  "Person" or "persons" shall mean all entities of every description and includes any natural person, corporation, partnership, association, company, estate, trust, group, organization, business and/or government entity or agency (public or private) having a separate identification recognized in law or in fact.

5.  The words "relate" and "regarding" as to any given subject mean anything that constitutes, contains, embodies, identifies, mentions, refers to, deals with, evidences, or is in any manner pertinent to that subject, including but not limited to records concerning the preparation of other records.

6.  "Record," "records," "document" or "documents" or "documents" are used herein in the broadest sense possible, and without limitation, refer to all originals (or identical copies where originals are unavailable) and to all non-identical copies of all originals, of any tangible source of information (including, but not limited to, information capable of being retrieved from a computer, e-mail, and video or audio tapes), consisting of letters, words, numbers, symbols, characters, pictures, graphic presentations, or sounds, or of any combination thereof, however or by whomever prepared, produced, or reproduced, and regardless of their manner of representation, or their origin, or their location, which are, as of the date of service of these interrogatories, in the custody of, or in any way subject to the control of, the Defendants or their attorneys. "Record," "records," "document" or "documents" also include but are not limited to

all preliminary drafts, versions, or revisions of any of the aforementioned, all underlying, preparatory, or supporting materials thereto, and to all studies, analyses, or other evaluative or interpretative reports thereof. "Record," "records," "document" or "documents" shall mean all handwritten, typed, printed, stored, recorded, electronic, reproduced or graphic statements, comments or other matters, however produced, reproduced or stored, whether existing or not now in existence, which are or were in the possession, custody or control of the party receiving these Requests and shall include: all writings; notes; studies; analyses; every record of every type; tabulations; evaluations; reports; proposals; recommendations; working papers; reviews; agreements; transcripts; contracts, communications, letters or other correspondence; manuals; messages; telegrams; telexes; cables; memoranda; drafts; summaries; summaries of documents; sound recordings or transcripts of personal or telephone conversations; meetings, conferences or interviews; telephone bills or toll records; diaries; desk calendars; appointment books; forecasts; accountants' work papers; worksheets; drawings; graphs; charts; maps; diagrams; specifications; instructions; raw or refined data; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; books of accounts; cost sheets; financial statements or reports; report books; statistical or analytical records; minutes or records of board of directors' committee or other meetings or conferences; reports or summaries of investigations; opinions or reports of consultants; surveys; appraisals; reports or summaries of negotiations; publications; books; brochures; pamphlets; circulars; trade letters; periodicals; press releases; newspaper and magazine clippings; advertising lists; stenographic, handwritten or any other notes; notebooks; productions; punch cards; checks, front and back; check stubs or receipts; magnetically recorded codes; computer printouts; magnetic tapes or discs; magnetically recorded information, invoice vouchers; tape data sheets or data processing

cards or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; computer printout information stored on any electromagnetic storage device; and any other document, writing or other data compilation of whatever description, including but not limited to, any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated in any way, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form; any other data recorded in readable, recordable and/or retrievable form from which information can be obtained or translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form; and every draft and non-identical copy of any document, including, but not limited to, any copy containing any commentary, note or other change whatsoever which does not appear on the original.

7.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

## RULES OF CONSTRUCTION

The following rules of construction apply to all discovery requests:

A.     The terms "all" and "each" shall be construed as all and each.

B.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

C.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. The time frame for this Request is January 1, 2000 to the date of defendants' provision of documents responding to this Request and supplemented as required by the Federal Rules of Civil Procedure.

2. With respect to any document or material that you withhold based on a claim of a privilege or work product protections, provide a privilege log setting forth the following information: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) each recipient of the document; and (6) the basis for the asserted privilege or protection.

3. If this Request requests production of any record(s) or document(s) that has or have been lost, discarded, destroyed, or forwarded to the possession of any other person, identify such documents as completely as possible, including, but not limited to, the date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document(s).

4. If any requests literally construed would require production of only a part of a document, the entire document should be produced.

5. You are requested to produce all documents designated below that are in your possession, custody or control, or in the possession, custody or control of any of your successors or predecessors in interest or any of your parents, subsidiaries, affiliates, divisions, officers, directors, employees, attorneys, agents, representatives, or custodians. A document is in your control if you possess control, authority, or influence over the current custodian of the document sufficient to procure its production. If you are aware of responsive documents that you deem to

be not within your possession, custody or control, identify the documents and the person or entity that you believe has possession, custody or control over them.

6. You are requested to produce the original and all non-identical copies, including drafts, of each document requested. If you are not able to produce the original of any document requested, produce the best available copy and all non-identical copies, including drafts.

7. Each request for documents, and each subparagraph or subdivision thereof, is to be construed independently, and no other request or subparagraph or subdivision thereof is to be referred to or relied on for the purpose of limiting its scope, except insofar as the request construed, or subparagraph or subdivision thereof, expressly refers to another request or subparagraph or subdivision thereof.

8. If you object to any of the requests herein, or if you otherwise do not respond to any request in full, state the specific grounds for the objection or other reason for not responding and respond to each request to the extent to which there is no objection or other reason for not responding in full. If you object to any request herein on the basis of any claim of privilege, pursuant to Rule 26(b)(5), state the basis of the claim of privilege and the subject matter of the document in sufficient detail to allow the Court to adjudicate the validity of the claim of privilege, and additionally state the following:

    a. the type of document (e.g., letter, memorandum, report, etc.);

    b. its title, date, and file reference, if any;

    c. the name, title, employer and address (or last known title, employer and address if current information is unavailable) of each person who drafted, revised, signed, provided information for, or received such document, or who is identified as a recipient of

the original or a copy thereof, and state for each such person whether he or she is an attorney and, if so, on whose behalf he or she was acting;

    d.    if the document claimed to be privileged is a record of an oral communication, the participants, time, and place of such communication; and

    e.    the present custodian of the document and any copies thereof.

9.    If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify the document by type (e.g., letter, memorandum, report, etc.), title, date, file reference (if any), and subject matter, and additionally state the following:

    a.    the name, title, employer and address (or last known title, employer and address if current information is unavailable) of each person who drafted, revised, signed, provided information for, or received such document, or who is identified as a recipient of the original or a copy thereof, and state for each such person whether he or she is an attorney and, if so, on whose behalf he or she was acting;

    b.    if the document claimed to be lost, discarded, or destroyed is a record of an oral communication, the participants, time, and place of such communication;

    c.    when, how, and why the document was lost, discarded, or destroyed; and

    d.    the name, title, employer and address (or last known title, employer and address if current information is unavailable) of each person:

        i.    who lost, discarded, or destroyed the document;

        ii.    who has knowledge of when, how, and why the document was lost, discarded or destroyed; and

        iii.    who has knowledge of the contents of the document lost, discarded, or destroyed;

and state for each such person whether he or she is an attorney and, if so, on whose behalf he or she was acting.

DOCUMENTS REQUESTED

1. The Bureau of Land Management's Instruction Memorandum, referred to in Plaintiffs' First Amended Complaint as Instruction Memorandum # 2002-95 (hereinafter "Instruction Memorandum"), and all amendments, modifications and revisions to said Instruction Memorandum;

2. Any and all documents, including but not limited to, memoranda, correspondence, emails, notes, and reports, relating to the adoption, amendment, modification or revision of the Instruction Memorandum;

3. Any and all documents, including but not limited to, memoranda, correspondence, emails, notes and reports, relating to implementation of the Instruction Memorandum or the implementation of those same policies, plans, milestones, and/or goals as set forth in the Instruction Memorandum;

4. Any and all documents, including but not limited to, memoranda, correspondence, emails, notes, and reports. relating to management decisions and/or actions taken pursuant to the Instruction Memorandum or to accomplish those same policies, plans, milestones, and/or goals as set forth in the Instruction Memorandum;

5. Any and all documents, including but not limited to, memoranda, correspondence, emails, notes, and reports relating to guidance issued to BLM field offices and/or employees and/or contractors pursuant to the Instruction Memorandum or to accomplish those same policies, plans, milestones, and/or goals as set forth in the Instruction Memorandum;

6. Any and all documents, including but not limited to, contracts, solicitations for bids, requests for proposals, and reports relating to use of contractors and contract personnel to implement the Instruction Memorandum, or to accomplish those same policies, plans, milestones, and/or goals as set forth in the Instruction Memorandum;

7. Any and all documents, including but not limited to, memoranda, correspondence, emails, notes and reports, relating to Piceance-East Douglas and West Douglas wild horse round-ups, including completed, planned, and contemplated pursuant to the Instruction Memorandum or to accomplish those same policies, plans, milestones, and/or goals as set forth in the Instruction Memorandum;

8. Any and all documents, including but not limited to, memoranda, correspondence, emails, notes and reports, relating to decisions and/or actions to reduce the size of the Piceance-East Douglas and/or West Douglas wild horse herds;

9. Any and all documents, including but not limited to, memoranda, correspondence, emails, notes and reports relating to decisions and/or actions to reduce the size or acreage of the Piceance-East Douglas and/or West Douglas Herd Areas and/or Herd Management Areas pursuant to the Instruction Memorandum;

10. Any and all documents from any Field Office addressing its needs to deviate from the Instruction Memorandum and any of the annual roundup schedules or explaining how it has deviated from the Instruction Memorandum and any of the annual roundup schedules;

11. Any and all documents, including but not limited to, memoranda, correspondence, emails, notes, reports and studies, relating to the viability of the Piceance-East Douglas and/or West Douglas wild horse herds, to include genetic viability;

12. Any and all documents, records or communications, between the White River Field Office and any other field office of the BLM, and any of its employees and an attorney for the Department of Interior, Amy Sosin, including any memorandum authored by or presentations made by Amy Sosin to BLM employees on the topics of wild horses within the White River Resource Area and/or the subject of zeroing out wild horses from any public lands.

Date: June 27, 2007

Respectfully submitted,

/s/
Valerie J. Stanley
D.C. Bar No. 384882
329 Prince George Street
Laurel, MD 20707
(301) 549-3126
(301) 549-3228 fax

/s/
Mara C. Hurwitt
D.C Bar 482409
LeBoeuf, Lamb, Greene & MacRae LLP
1101 New York Avenue, N.W., Suite 1100
Washington, D.C. 20005-4213
(202) 986-8094
(202) 986-8102 fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Request for Production of Documents was sent by electronic mail this 27th day of June, 2007 to Paul Lall and Kevin Larsen, U.S. Department of Justice, Environment and Natural Resources Division, 601 D Street, N.W., Third Floor Washington, DC 20004.

/s/
Valerie J. Stanley