UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **COLORADO WILD HORSE** | ) |
| **AND BURRO COALITION, INC.,** | ) |
| **et al.,** | ) |
| | ) |
|       **Plaintiffs** | ) |
| | ) |
| v. | )    Civil No. 06-1609 (RMC) |
| | ) |
| **DIRK KEMPTHORNE,** | ) |
| in his official capacity as Secretary, | ) |
| United States Department of Interior | ) |
| **et al.,** | ) |
|       **Defendants** | ) |
_____)

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER AND IN REPLY TO
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO CONDUCT DISCOVERY ON JURISDICTIONAL ISSUES
AND DEFENDANTS' POSITION REGARDING THE LEGALITY OF
<u>ZEROING OUT A WILD HORSE HERD AREA</u>**

On June 25, 2007, Plaintiffs filed a Motion for Leave to Conduct Discovery on Jurisdictional Issues Raised by Defendants' Motion to Dismiss and Relating to Defendants' Position Regarding the Legality of Zeroing out a Wild Horse Herd Area ("Plaintiffs' Motion for Leave to Conduct Discovery").  Plaintiffs then served Defendants with a Request for Production of Documents.  Pursuant to a briefing schedule, Defendants filed a Motion for Protective Order and an Opposition to Plaintiffs' Motion ("Defendants' Motion for Protective Order and Defendants' Opposition").  Plaintiffs submit this Memorandum in Opposition to Defendants' Motion for Protective Order and in reply to Defendants' Opposition.

The BLM Director's Instruction Memorandum #2002-95 (the "IM") directs BLM Field Offices to remove target numbers of wild horses from the public lands every year through 2010. See IM attached hereto as Exhibit 1.  Plaintiffs seek discovery to demonstrate that BLM's Instruction Memorandum constitutes final agency action, which this Court may review. Defendants urge this Court to relieve them from responding to any jurisdictional discovery and to any discovery related to the issue of whether it is illegal for BLM to zero out a wild horse herd area.

The record before this Court is devoid of any facts concerning this IM.  Recognizing this absence of facts, Defendants have urged this Court to thwart Plaintiffs' efforts to learn facts about the IM's existence and effects by filing a Motion for Protective Order.  This motion is based solely on counsel's assertions that:  (1) the IM is no longer in effect; and (2) the predecessor to the IM was ruled not to be final agency action by this Circuit in Fund for Animals v. BLM, 460 F.3d 13 (D.C. Cir. 2006).  The arguments of counsel do not substitute for facts and are not evidence, however.  See, e.g., Reed v. Dist. of Columbia, 474 F. Supp. 2d 163, 172 (D.D.C. 2007) ("no matter how vigorous the arguments of counsel, they cannot and do not substitute for facts").

Although counsel for BLM represented to the court in Fund for Animals that the IM was, in essence, still in effect as it "continues to serve as guidance" for the Field Offices, the D.C. Circuit looked only to the IM's stated expiration date.  Fund for Animals v. BLM, 460 F.3d 13, 18, 19 (D.C. Cir. 2006).  Thus, the Fund for Animals Court never considered the issue presented here as to the BLM's continued implementation of the IM and its stated targets for the reduction of wild horse herds.  Thus, the ruling is not dispositive of the status of the IM's effect and cannot substitute for the facts Plaintiffs seek to discover about the IM.  Defendants' Motion for

2

Protective Order should be denied, and Plaintiffs should be allowed to take discovery so that this Court has a developed factual record upon which to determine whether the IM is moot and whether it constitutes final agency action.

Defendants concede that it is within the Court's discretion to permit Plaintiffs to conduct jurisdictional discovery, citing Mwani v. bin Laden, 471 F.3d 1, 17 (D.C. Cir. 2005), and further note that this Circuit has held that such discovery is justified "if a party demonstrates that it can supplement its jurisdictional allegations through discovery," citing GTE New Media Services, Inc. v. BellSouth Corp., 199 F.3d 1343, 1351 (D.C. Cir. 2000). Plaintiffs seek documents that are necessary for this Court to determine whether it has subject matter jurisdiction over Plaintiffs' claims. Specifically, the documents requested go directly to the question of mootness and ripeness, upon which Defendants have based their Motion to Dismiss.

That the record for the IM before the Court is bereft of facts is corroborated by the Affidavit of Barbara Flores, submitted in support of Plaintiffs' Motion for Leave to take Discovery as Exhibit 2. In that affidavit, Ms. Flores explained, inter alia, that in writing and implementing the IM, BLM ignored the effect of livestock grazing on watersheds, choosing solely to focus on the effects on watersheds of the much smaller populations of wild horses. Id. at ¶ 1 (explaining that BLM official was told only to look at wild horse effects). BLM's failure to monitor for livestock effects and general myopia regarding the effects of livestock grazing on public lands and waterways was precisely what caused Judge Winmill to set aside BLM's new grazing regulations in Western Watersheds Project v. Kraayenbrink, CV-05-297-E-BLW. Contrary to Defendants' hope, that opinion is highly relevant to BLM's IM which is focused exclusively and single-mindedly on ridding wild horses from the West Douglas Herd Area, the Piceance-East Douglas Herd Management Area, and other areas of the public lands.

Because the record before this Court concerning the IM is so devoid of facts, Plaintiffs have requested Defendants to produce documents relating to its present status.[1] The documents requested by Plaintiffs concern amendments, revisions or modifications to the IM, decisions and actions taken pursuant to the IM and/or to accomplish its objectives, including documents related to any reduction of the Piceance-East Douglas and/or West Douglas wild horse herds, Herd Areas and/or Herd Management Areas. Such documents go directly to the issue raised by Defendants in their motion to dismiss, i.e., whether or not the IM has continuing force.

Plaintiffs' discovery request also goes directly to the question of ripeness and final agency action. In Abbott Laboratories, the Supreme Court stated that the "basic rationale [for the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). Plaintiffs have "felt in a concrete way" the effects of the IM through the reduction of substantial numbers of wild horses from the Piceance-East Douglas and West Douglas herds pursuant to the IM and in violation of the Wild Free Roaming Horses and Burros Act, 16 U.S.C. § 1331, et seq. That same IM will be guiding BLM officials with regard to the wild horses of these areas through at least 2010, according to the plain terms of the IM. See Exhibit 1 at 2. Furthermore, as counsel for BLM represented to the Court in Fund for Animals, the IM serves as guidance to field officials in implementing wild horse reductions from

---

[1] Defendants assert that they have not been *properly* served with Plaintiffs discovery request because it was served exclusively via email. This Court's LCvR 5.2(a) requires that requests for documents be served upon counsel, but does not identify the method of service. Pursuant to LCvR 5(b), an attorney who obtains a CM/ECF password consents to electronic service of all documents subsequent to the original complaint. Defendants, having submitted their Motion for Protective Order and Response to Plaintiffs' Motion with a copy of Plaintiffs' First Request for Production of Documents attached as Exhibit A, do not appear to have been prejudiced by Plaintiffs' reliance upon

the public lands. Plaintiffs seek the production of documents that evidence the effects – and continuing effects – of the BLM's IM.

If permitted discovery, Plaintiffs can demonstrate that the claims they raise regarding the IM are distinctly different than those determined to be moot in the case cited by Defendants. Discovery will also allow Plaintiffs to demonstrate that the IM is a final agency action because it marks the consummation of BLM's decision-making process about many wild horse populations, determines rights and obligations regarding the continued protection (or lack thereof) of wild horses, and its continued existence gives rise to legal consequences. See City of Dania Beach, Florida v. Federal Aviation Administration, 485 F.3d 1181, 1187-88 (D.C. Cir. 2007) (holding that an agency's issuance of a guidance document was a reviewable final action because it constituted "new marching orders" as to how the agency would manage certain of its functions).

Finally, Defendants appear to have conceded that BLM has waived any attorney-client privilege in regard to documents concerning the removal of wild horses from the White River Resource Area. Plaintiffs included the issue of Defendants' waiver in their Motion for Leave to Conduct Discovery for two reasons. First, Plaintiffs raised this issue as a preemptive argument should Defendants attempt to invoke such privilege against discovery of any documents related to the issue of zeroing out a wild horse herd area. Secondly, Plaintiffs contend that under this Circuit's precedents, they are entitled to such discovery – separate and apart from its use during the motion to dismiss stage. See Plaintiffs' Memorandum in Support of Motion for Leave to Conduct Discovery at 4-7.

---

electronic service. Nonetheless, Plaintiffs caused a copy of the First Request for Production of Documents to be served upon counsel via first class mail on August 3, 2007.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion for Protective Order and grant Plaintiffs' Motion for Leave to Conduct Discovery on Jurisdictional Issues Raised by Defendants Motion to Dismiss.

Dated:  August 3, 2007

Respectfully submitted,

_____/s/_____
Valerie J. Stanley
D.C. Bar No. 384882
329 Prince George Street
Laurel, MD 20707
(301) 549-3126
(301) 549-3228 fax

_____/s/_____
Mara C. Hurwitt
D.C Bar 482409
LeBoeuf, Lamb, Greene & MacRae LLP
1101 New York Avenue, N.W., Suite1100
Washington, D.C. 20005-4213
(202) 986-8094
(202) 986-8102 fax