UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLORADO WILD HORSE AND BURRO COALITION, INC., et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>DIRK KEMPTHORNE, et al.,<br><br>            Defendants. | Civ. No. 06-1609 RMC<br><br>**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

       Federal Defendants submit this reply memorandum in support of their Motion for Protective Order (Doc. No. 38) ("Motion").  Plaintiffs' Memorandum in Opposition to Defendants' Motion for Protective Order (Doc. No. 43) ("Pl. Mem.") does little more than reiterate Plaintiffs' prior arguments with respect to the merits of their claims and fails to state a sufficient basis for permitting jurisdictional discovery in this record review case.  Because Plaintiffs have failed to show that discovery will lead to facts that would affect the Court's jurisdictional analysis, Federal Defendants' Motion should be granted, and Plaintiffs' motion for discovery should be denied.

**I.    THE D.C. CIRCUIT'S FINDING THAT THE INSTRUCTION MEMORANDUM HAS EXPIRED ESTABLISHES THAT THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' CLAIMS REGARDING THE MEMORANDUM.**

       Plaintiffs are not entitled to discovery aimed at determining whether the Bureau of Land Management's ("BLM") Instruction Memorandum ("IM") has "continuing force."  See Pl. Mem. at 4.  This issue has been resolved by the D.C. Circuit.  See Fund for Animals v. BLM, 460 F.3d 13, 18 (D.C. Cir. 2006) (claim that IM was issued in violation of National Environmental Policy Act [NEPA] was moot because memo expired on September 20, 2003).  Unable to controvert the

D.C. Circuit's express finding that the IM has expired, Plaintiffs argue that the Circuit "never considered the issue presented here as to the BLM's continued implementation of the IM and its stated targets for the reduction of wild horse herds." Pl. Mem. at 2. The D.C. Circuit did not reach the substance of the IM because it lacked jurisdiction to do so where the IM had expired. Fund for Animals, 460 F.3d at 18 ("Because the memo has expired, this claim is moot.").

Plaintiffs have made no showing that Fund for Animals was wrongly decided. Moreover, the D.C. Circuit's conclusion is supported by the express terms of the IM. See Pl. Mem. Exhibit 1, at 1 (noting that IM expired on September 30, 2003); id. ("The purpose of this [IM] is to communicate guidance and policy on how BLM will achieve [appropriate management levels] on all [herd management areas] by 2005.") (emphasis added); id. at 5 ("The wild horse and burro gather and selective removal requirements identified in this [IM] will be effective for all gathers beginning upon receipt and will expire on September 30, 2003."). As explained below, the discovery sought by Plaintiffs cannot alter the effect of the D.C. Circuit's holding that claims related to the IM are moot.

II.  **DISCOVERY WOULD NOT PRODUCE ANY FACTS THAT WOULD AFFECT THE COURT'S JURISDICTIONAL ANALYSIS.**

As Federal Defendants explained in their Memorandum in Support of Motion for Protective Order (Doc. No. 38, Attachment 3) ("Def. Mem."), no amount of discovery will assist Plaintiffs in establishing that this Court has jurisdiction over claims regarding the IM. See Def. Mem. at 7-8. Because there is no live case or controversy with respect to the expired IM, this Court lacks jurisdiction over Plaintiffs' claim. See Memorandum in Support of Federal Defendants' Motion to Dismiss (Doc. No. 27, Attachment 1) ("Def. Mem. Mot. Dismiss") at 9-11.

The discovery sought by Plaintiffs cannot yield facts that change this result or otherwise affect the Court's jurisdictional analysis. Plaintiffs seek documents related to the "present status" of the IM, including "amendments, revisions or modifications to the IM, decisions and actions taken pursuant to the IM and to accomplish its objectives. . . ." Pl. Mem. at 4. The D.C. Circuit has already determined the "present status" of the IM: It has expired. Even if Plaintiffs were to discover facts establishing that the approach set forth in the IM continues to serve as guidance to BLM field offices, this would not affect the mootness inquiry. See Fund for Animals, 460 F.3d at 19. Thus, the Court should exercise its discretion to deny Plaintiffs' request for jurisdictional discovery. See Mwani v. bin Laden, 417 F.3d 1, 17 (D.C. Cir. 2005).

Plaintiffs also seek discovery of facts related to the IM to establish that the document constitutes "final agency action" for purposes of review under the Administrative Procedure Act ("APA"). See Pl. Mem. at 5.[1] Because, as explained above, Plaintiffs' claim regarding the IM is moot, the Court need not reach this issue. However, even if Plaintiffs are correct that claims related to the IM are not moot because the IM "serves as guidance to field officials in implementing wild horse reductions from the public lands", Pl. Mem. at 4-5, Plaintiffs cannot demonstrate that the IM is a final agency action subject to judicial review.

The D.C. Circuit has already considered the nature of the IM, finding that it sets forth a "general national planning approach" that is reviewed and revised annually. See Fund for Animals, 460 F.3d at 19. The document sets forth a strategy, but the BLM field offices must take additional steps to implement the strategy. See id. at 22 (BLM field offices must conduct

---

[1] Plaintiffs also claim that their discovery request "goes directly to the question of ripeness", citing Abbott Labs. v. Gardner, 387 U.S. 136 (1967). Pl. Mem. at 4. Because Federal Defendants did not raise a ripeness argument in their motion to dismiss, no discovery aimed at demonstrating ripeness is warranted.

surveying and land use planning, propose a gather, provide notice to interested parties, consider any objections, and render a decision).  Thus, the IM is distinguishable from the letter at issue in City of Dania Beach v. FAA, 485 F.3d 1181 (D.C. Cir. 2007), which was the "consummation of the [agency's] decisionmaking process."  Id. at 1187-88.  See also Pl. Mem. at 5.  This conclusion was based on the D.C. Circuit's finding that "[n]othing in the letter indicates that the FAA's statements and conclusions are tentative, open to further consideration, or conditional on future agency action."  Id. at 1188.  Here, by contrast, the IM merely sets forth a strategy that must be implemented by BLM field offices in the context of specific gathers.  Because Plaintiffs raise a general challenge to BLM's strategy, rather than "the specific implementation of the broader agency policy", Fund for Animals, 460 F.3d at 22, their claims regarding the IM must fail as a legal matter.  No amount of discovery will lead to facts that alter this result.[2]

## CONCLUSION

For the foregoing reasons, and those stated in Federal Defendants' Memorandum in Support of Motion for Protective Order, Federal Defendants respectfully request that the Court grant Federal Defendants' motion for a protective order.

---

[2] Contrary to Plaintiffs' assertion, Pl. Mem. at 5, Federal Defendants do not concede that BLM has waived any attorney-client privilege with respect to communications about removal of wild horses from the White River Resource Area.  Federal Defendants reserve their right to invoke any applicable privileges if the Court grants Plaintiffs' motion for discovery.

Respectfully submitted this 10th day of August, 2007.

>RONALD J. TENPAS,
>Acting Assistant Attorney General
>U.S. Department of Justice
>Environment and Natural Resources Division
>JEAN E. WILLIAMS, Chief
>Wildlife and Marine Resources Section
>CHARLES FINDLAY, Assistant Chief
>
>/s/ *Kevin J. Larsen*
>KEVIN J. LARSEN, Trial Attorney
>U.S. Department of Justice
>Natural Resources Section
>601 D Street, N.W.
>Washington, D.C.  20004
>Telephone: (202) 305-0258
>Facsimile: (202) 305-0506
>Kevin.Larsen@usdoj.gov
>
>KRISTEN BYRNES FLOOM, Trial Attorney
>U.S. Department of Justice
>Wildlife and Marine Resources Section
>601 D Street, N.W.
>Washington, D.C.  20004
>Telephone: (202) 305-0340
>Kristen.Floom@usdoj.gov
>
>Attorneys for Federal Defendants