UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

| | |
|---|---|
| COLORADO WILD HORSE ) | |
| AND BURRO COALITION, INC., ) | |
| et al., ) | |
|   ) | |
|   Plaintiffs ) | |
|   ) | |
|   ) | |
| v.   ) | Civil No. 06-1609 (RMC) |
|   ) | |
| DIRK KEMPTHORNE, ) | |
| in his official capacity as Secretary, ) | |
| United States Department of Interior ) | |
| 1849 C Street, N.W. ) | |
| Washington, D.C. 20240, ) | |
| et al., ) | |
| _____) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a) and 15(d), and LCvR 7(i) and LCvR 15.1, Plaintiffs for good cause and for the reasons hereinafter set forth, hereby move this honorable Court for leave to file their Second Amended Complaint.

Federal Rule of Civil Procedure 15 provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Here, good cause exists to grant leave to amend.

Plaintiffs primarily seek to amend their Complaint in order to address the Federal Defendants' Status Report on West Douglas Herd Area and the October 10, 2007 Decision Record on the West Douglas Herd Area Amendment to the White River

Resource Management Plan, attached thereto, giving final approval to the August 29, 2005 proposed decision to implement the total removal of all wild horses in the West Douglas Herd Area, at the earliest practicable date.[1]  On December 14, 2007, Defendants filed their Notice of Renewing Motion to Dismiss; however, the briefed Motion to Dismiss did not address Defendants' subsequent issuance of the final decision of the Secretary to zero out the West Douglas Herd Area.  Rather, the Memorandum in Support of Federal Defendants' Motion to Dismiss argued that "Plaintiffs have no cognizable claim under the APA as to the *proposed* decision to remove all horses from the West Douglas Herd Area," because "BLM has not yet completed its response to the protests [to the proposed decision] and has made no final decision as to whether it will remove all wild horses from the West Douglas HA or whether it will maintain a small herd of 29-60 horses."  See Def. Memo. at 1, 7 (emphasis in original).  Because BLM and the Secretary have now issued a final decision on the West Douglas Herd Area Amendment, Plaintiffs should be permitted to update their Complaint to include a challenge to the removal of all horses from the West Douglas Herd Area, a decision that is now final and subject to judicial review.

Pursuant to LCvR 7(m), counsel for Plaintiffs conferred with counsel for Defendants on January 3, 2008, in a good faith effort to determine if Defendants would oppose the requested relief.  Counsel for Defendants indicated they would not consent to Plaintiffs' filing a Second Amended Complaint.  Nonetheless, granting Plaintiffs leave to

---

[1] When Defendants filed their Status Report, they attached the Decision Record for the West Douglas Herd Area Amendment to the White River Resource Management Plan as Exhibit 1.  The Decision Record was signed by Sally Wisely, the Bureau of Land Management ("BLM") Colorado State Director on October 10, 2007.  Plaintiffs' proposed Second Amended Complaint seeks to add Ms. Wisely as a defendant.  See Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218 (1964) (noting that it follows that persons participating in new events occurring since the filing of the original pleading may be added as parties).

2

amend is justified in that the proposed amendment does not arise from bad faith or undue delay, is not futile and does not risk prejudice to Defendants. See <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ("it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" (omissions in original) (quoting <u>Foman v. Davis</u>, 371 U.S. at 182)).

WHEREFORE, Plaintiffs respectfully request that the Court grant them leave to amend their complaint in the form attached hereto.

Dated this 4th day of January, 2008

Respectfully submitted,

_____/s/_____
Valerie J. Stanley
D.C. Bar No. 384882
329 Prince George Street
Laurel, MD 20707
(301) 549-3126
(301) 549-3228 fax

_____/s/_____
Mara C. Hurwitt
D.C Bar 482409
Dewey & LeBoeuf LLP
1101 New York Avenue, N.W., Suite 1100
Washington, D.C. 20005-4213
(202) 986-8094
(202) 986-8102 fax