UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLORADO WILD HORSE AND BURRO COALITION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, et al., <br><br> Defendants. | Civ. No. 06-1609 RMC <br><br> **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

Defendants Dirk Kempthorne, Secretary of the Interior; James L Caswell, Director, Bureau of Land Management ("BLM"); Kent E. Walter, Field Manager, BLM White River Field Office; and Sally E. Wisely, BLM Colorado State Director (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by Colorado Wild Horse and Burro Coalition, Inc.; American Mustang and Burro Association, Inc.; The Cloud Foundation, Inc.; Front Range Equine Rescue, Inc.; and Dr. Don Moore (collectively "Plaintiffs"):

**INTRODUCTION**

1. The allegations in sentence one constitute Plaintiffs' characterization of their lawsuit, to which no response is required. The allegations in sentence two constitute Plaintiffs' legal conclusions, to which no response is required. Defendants admit the allegations in sentence three.

2. Defendants admit the allegations in sentence one. With respect to the allegations in

sentences two, three, and four, Defendants deny that the West Douglas wild horses will be "eradicated"; Defendants aver that the horses will be removed from West Douglas but BLM will manage the horses elsewhere, through adoption or long-term care. Defendants admit the remaining allegations in sentences two, three, and four. Defendants admit the allegations in sentence five. Defendants deny the allegations in sentences six and seven. The allegations in sentence eight constitute Plaintiffs' characterization of their lawsuit, to which no response is required.

## JURISDICTION AND VENUE

3. The allegations set forth in this paragraph are legal conclusions to which no response is required.

## PLAINTIFFS

4. Defendants have insufficient information to admit or deny the allegations in sentences one through four, and on that basis deny the allegations. Defendants admit the allegations in sentence five. Defendants have insufficient information to admit or deny the allegations in sentence six, and on that basis deny the allegations. With respect to the allegations in sentence seven, Defendants admit that Ms. Moore commented on the proposed roundup in 2006. Defendants have insufficient information to admit or deny the remaining allegations in sentence seven, and on that basis deny the allegations. Defendants deny the allegations in sentence eight. Defendants admit the allegations in sentence nine. Defendants deny the allegations in sentence ten. Defendants admit the allegations in sentence eleven.

5. Defendants have insufficient information to admit or deny the allegations in sentences

one through three, and on that basis deny the allegations. Defendants admit the allegations in sentences four and five.

6. Defendants have insufficient information to admit or deny the allegations in sentence one, and on that basis deny the allegations. Defendants admit the allegations in sentence two. Defendants deny the allegations in sentence three and aver that many people and organizations, including BLM, have been involved in management of these herds. Defendants admit the allegations in sentence four.

7. Defendants have insufficient information to admit or deny the allegations in sentence one, and on that basis deny the allegations. Defendants admit the allegations in sentence two. Defendants deny the allegations in sentence three. Defendants have insufficient information to admit or deny the allegations in sentences four through thirteen, and on that basis deny the allegations. Defendants admit the allegation in sentence fourteen.

8. Defendants have insufficient information to admit or deny the allegations in this paragraph, and on that basis deny the allegations.

9. Defendants have insufficient information to admit or deny the allegations in sentence one, and on that basis deny the allegations. With respect to the allegations in sentence two, Defendants admit that FRER comments on BLM actions to remove wild horses from their range. Defendants have insufficient information to admit or deny the remaining allegations in sentence two, and on that basis deny the allegations. Defendants have insufficient information to admit or deny the allegations in sentences three and four, and on that basis deny the allegations.

10. Defendants have insufficient information to admit or deny the allegations in sentence

one, and on that basis deny the allegations. With respect to the allegations in sentence two, Defendants deny that Dr. Moore was a contract veterinarian for a removal of wild horses in 1974. Defendants admit the remaining allegations in sentence two. Defendants admit the allegations in sentence three and aver that the Douglas Mountain herd area is administered by the Little Snake Field Office in Craig, Colorado. Defendants admit the allegations in sentences four and five, and aver that destruction of excess, unadoptable horses is contemplated under the Wild Free-Roaming Horses and Burros Act ("WFRHBA"), 16 U.S.C. § 1331 et seq., and used only as a last resort. BLM admits the allegations in sentence six, and avers that BLM now manages Douglas Mountain as a herd area. Defendants have insufficient information to admit or deny the allegations in sentences seven, eight, and nine, and on that basis deny the allegations.

11. Defendants have insufficient information to admit or deny the allegations in this paragraph, and on that basis deny the allegations.

12. Defendants deny the allegation in sentence one that the visit took place in late September, and admit the remaining allegations in sentence one. Defendants aver that the West Douglas gather occurred on October 12, 2006. With respect to the allegations in sentence two, Defendants admit that BLM's contractor rounded up 38 horses. Defendants have insufficient information to admit or deny the remaining allegations in sentence two, and on that basis deny the allegations. With respect to the allegations in sentence three, Defendants deny that 39 horses were captured from West Douglas, and aver that 38 horses were captured. Defendants have insufficient information to admit or deny the remaining allegations in sentence three, and on that basis deny the allegations.

Defendants deny the allegations in sentences four and five, and aver that of the 38 horses that were captured, 35 were shipped to a BLM facility in Canon City, two died, and one was claimed as a private horse and cleared through the Colorado State Brand Inspector. Defendants deny the allegations in sentence six.

13. Defendants deny the allegations in sentence one and aver that, beginning on September 16, 2006, BLM conducted a gather in Piceance-East Douglas that was carried out as a full force and effect decision after Plaintiffs and the public were given 30 days to file comments on the draft environmental assessment ("EA"). Defendants deny the allegations in sentence two, and aver that at no time during this gather were horses run directly into a horse trailer; horses were first pushed into a trap and allowed time to settle prior to being loaded into horse trailers. Defendants admit the allegations in sentence three that BLM administered Porcine Zona Pellucida ("PZP") to captured mares from Piceance-East Douglas. The remaining allegations in sentence three are legal conclusions to which no response is required. The allegations in sentence four are legal conclusions to which no response is required. Defendants deny the allegation in sentence five that a BLM contractor ran gathered horses directly from the range into trailers. Defendants have insufficient information to admit or deny the remaining allegations in sentence five, and on that basis deny the allegations. Defendants deny the allegation in sentence six that contractors took actions contrary to BLM's standard practice, and admit the remaining allegations in sentence six. Defendants deny the allegations in sentence seven and aver that no fatalities and no life-threatening injuries to wild horses occurred as a result of the Piceance-East Douglas gather. Defendants admit the allegations in

sentence eight, but aver that the four foals were adopted locally and are thriving. Defendants deny the allegations in sentence nine.

14. To the extent the allegations in this paragraph are legal conclusions, no response is required. Defendants deny the remaining allegations in this paragraph.

## DEFENDANTS

15. Defendants admit the allegations in this paragraph.

16. Defendants admit the allegations in this paragraph.

17. Defendants admit the allegations in this paragraph.

18. Defendants admit the allegations in this paragraph.

## BLM'S ALLEGED MANAGEMENT OF WILD HORSES AND OTHER RESOURCES IN THE AREA

19. Due to vagueness with respect to the term "distinct," Defendants have insufficient information to admit or deny the allegations in sentence one, and on that basis deny the allegations. The allegation in sentence two that the WFRHBA requires BLM to protect and manage wild horses where they were found at the passage of the Act is a legal conclusion, to which no response is required. Defendants admit the remaining allegations in the second sentence. Defendants admit the allegations in the third sentence.

20. The allegations in sentences one and two are legal conclusions, to which no response is required. Defendants deny the allegations in sentence three. Defendants have insufficient information to admit or deny the allegations in sentence four, and on that basis deny the allegations. Defendants admit the allegations in sentence five.

Defendants deny the allegations in sentence six.  Defendants deny the allegations in sentence seven, and aver that, as the result of the 1997 Resource Management Plan ("RMP"), the acreage in the Piceance-East Douglas HMA has increased by over fifteen percent.

21.  Defendants deny the allegations in sentences one and two.  Defendants admit the allegation in sentence three that Mr. Walter is the current manager of the White River Field Office, and deny the remaining allegations in sentence three.

22.  Defendants admit the allegations in sentence one.  Defendants deny the allegations in sentence two, and aver that BLM considered data from three census events as well as habitat analysis.  Defendants deny the allegations in sentence three.  The allegations in sentence four characterize the 1981 Herd Management Area Plan ("HMAP") or the 1975 Management Framework Plan ("MFP"), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain meaning are denied.  The allegations in sentence five characterize the HMAP, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain meaning are denied.  Defendants deny the allegations in sentence six.  Defendants admit the allegations in sentence seven.  Due to vagueness with respect to the "document" described in sentence eight, Defendants have insufficient information to admit or deny the allegations, and on that basis deny the allegations.  Defendants admit the allegations in sentence nine.

23.  Defendants admit the allegations in sentence one.  The allegations in sentences two through eight characterize the 1997 RMP, which speaks for itself and is the best evidence

of its contents. Any allegations contrary to its plain meaning are denied.

24. Defendants deny the allegation in sentence one that BLM "knew its actions were subject to being set aside," and admit the remaining allegations in the sentence. Defendants admit the allegations in sentences two and three. The allegations in sentence four characterize the 2004 EA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied. Defendants admit the allegations in sentences five and six.

25. Defendants admit the allegations in sentence one. Defendants deny the allegations in sentence two and aver that an additional eight alternatives brought forward from the 2004 EA were also considered. Defendants admit the allegations in sentences three and four.

26. Defendants admit the allegations in sentences one and two. The allegations in sentence three characterize the October 10, 2007 Decision Record, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied. The allegations in sentence four are legal conclusions to which no response is required. The allegations in sentences five and six characterize the Second Declaration of Kent E. Walter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied. Defendants deny the allegations in sentences seven and eight, and aver that a roundup will not occur until after a gather plan is developed and subjected to environmental analysis and public review.

27. Defendants admit the allegations in this paragraph.

28. The allegations in sentences one and two characterize the RMP EIS and related notice, which speak for themselves and are the best evidence of their contents. Any

allegations contrary to their plain meaning are denied. Defendants deny the allegations in sentence three. The allegations in sentence four characterize the 2004 proposed RMP Amendment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

29. The allegations in sentence one appear to characterize the Second Declaration of Kent E. Walter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied. Defendants deny the allegations in sentence two.

30. Defendants admit that the RMP Amendment will analyze oil and gas development. Defendants deny the remaining allegations in this paragraph.

31. Due to vagueness with respect to the "national research" and "information" described in sentences one and two, Defendants have insufficient information to admit or deny the allegations, and on that basis deny the allegations. Defendants deny the allegations in the third sentence. The allegations in the fourth sentence characterize the 1981 HMAP, 1997 RMP, and 2005 West Douglas Herd Area Amendment, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied. Defendants deny the allegations in the fifth sentence.

32. The allegations in sentence one characterize the 1981 HMAP, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied. Defendants admit the allegations in sentence two. The allegations in sentence three are legal conclusions, to which no response is required.

33. Defendants deny the allegations in sentences one and two. Defendants have

insufficient evidence to admit or deny the allegations in sentence three, and on that basis deny the allegations.

34. The allegations in sentence one appear to characterize the Piceance-East Douglas Gather Plan, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied. Defendants admit the allegations in sentence two. Defendants admit the allegations in sentence three that BLM issued the proposed gather EA for public comment on June 5, 2006, and deny the remaining allegations in sentence three.

35. The allegations in sentence one appear to characterize the West Douglas Gather Plan, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied. Defendants admit the allegations in sentences two and three.

36. Defendants deny all allegations in this paragraph and aver that BLM conducted a census in West Douglas in 2005 and in Piceance-East Douglas in 2006.

37. Defendants admit the allegation in sentence one that BLM conducted aerial surveys of wild horses, and aver that the survey in Piceance-East Douglas was conducted on March 15, 2006 and the survey in West Douglas was conducted on February 18, 2005. Defendants deny the remaining allegations in sentence one. Due to vagueness with respect to the alleged "requests" described in sentence two, Defendants have insufficient information to admit or deny the allegations, and on that basis deny the allegations.

38. Defendants deny the allegations in sentences one through four. The allegations in sentence five are legal conclusions, to which no response is required.

39. Defendants admit that wild horses sometimes do not respect geographic boundaries and aver that BLM considers historic use patterns in determining management boundaries. To the extent the allegations in this paragraph constitute legal conclusions, no response is required. Defendants deny the remaining allegations in this paragraph.

40. Defendants deny the allegations in sentences one and two. The allegations in sentence three are legal conclusions, to which no response is required.

41. Defendants admit the allegations in sentence one. The allegations in sentence two characterize an internal BLM memorandum, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

42. Defendants admit the allegations in sentences one through four. Defendants deny the allegations in sentence five, and aver that there has never been a documented case of a horse from the Piceance-East Douglas HMA or the West Douglas HA dying of capture myopathy.

## PORCINE ZONA PELLUCIDA

43. Defendants admit the allegations in this paragraph. Defendants aver that BLM no longer uses Freund's Complete Adjuvant ("FCA") in its Porcine Zona Pellucida ("PZP") vaccinations, and did not use FCA in the 2006 gather in Piceance-East Douglas.

44. Defendants admit the allegations in sentence one. The allegations in sentence two characterize a BLM Field Trial Plan, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

45. To the extent the allegations in sentence two characterize a BLM Field Trial Plan, that document speaks for itself and is the best evidence of its contents. Any allegations

contrary to its plain meaning are denied. Defendants admit the remaining allegations in this paragraph and aver that the effect of PZP on ovarian function and foaling is the subject of ongoing research.

46. The allegations in sentences one and two characterize a BLM Field Trial Plan, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied. Defendants deny the allegations in sentence three.

47. Defendants deny all allegations in this paragraph.

48. Defendants admit the allegations in sentence one. Defendants deny the allegations in sentences two and three.

## STATUTORY AND REGULATORY BACKGROUND ALLEGEDLY GIVING RISE TO PLAINTIFFS' CAUSE OF ACTION

### I. The Wild Free-Roaming Horses and Burros Act

49. The allegations in this paragraph characterize the WFRHBA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

50. The allegations in sentences one and two characterize the WFRHBA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied. The allegations in sentence three characterize BLM's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

51. The allegations in sentence one characterize the WFRHBA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are

denied. The allegations in sentence two characterize BLM's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

52. The allegations in this paragraph characterize the WFRHBA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

53. The allegations in this paragraph characterize the WFRHBA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

54. The allegations in this paragraph characterize a Senate report discussing the WFRHBA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

## II. National Environmental Policy Act

55. The allegations in this paragraph characterize the National Environmental Policy Act ("NEPA"), 42 U.S. C. § 4321 et seq., which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

56. The allegations in this paragraph characterize regulations implementing NEPA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

57. The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

58. The allegations in this paragraph characterize regulations implementing NEPA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

59. The allegations in this paragraph are legal conclusions, to which no response is required.

60. The allegations in this paragraph characterize regulations implementing NEPA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

61. The allegations in sentence one are legal conclusions, to which no response is required. The allegations in sentence two characterize regulations implementing NEPA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

62. The allegations in this paragraph are legal conclusions, to which no response is required.

63. The allegations in this paragraph are legal conclusions, to which no response is required.

64. The allegations in this paragraph characterize regulations implementing NEPA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

### III. Federal Land Policy Management Act

65. The allegations in this paragraph characterize the Federal Land Policy Management Act ("FLPMA"), 43 U.S.C. § 1701 et seq., which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain meaning are denied.

66. The allegations in this paragraph characterize FLPMA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

67. The allegations in this paragraph characterize regulations implementing FLPMA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

## CLAIMS FOR RELIEF

### COUNT ONE

68. Defendants incorporate by reference their answers to Paragraphs 1-67 above.

69. The allegations in this paragraph are legal conclusions, to which no response is required.

70. The allegations in this paragraph are legal conclusions, to which no response is required.

71. The allegations in this paragraph are legal conclusions, to which no response is required.

72. The allegations in this paragraph are legal conclusions, to which no response is required.

### COUNT TWO

73. Defendants incorporate by reference their answers to Paragraphs 1-72 above.

74. The allegations in this paragraph are legal conclusions, to which no response is required.

75. The allegations in this paragraph are legal conclusions, to which no response is required.

### COUNT THREE

76. Defendants incorporate by reference their answers to Paragraphs 1-75 above.

77. Defendants deny the allegations in this paragraph.

78. Defendants deny the allegations in this paragraph.

79. The allegations in this paragraph are legal conclusions, to which no response is required.

80. The allegations in this paragraph are legal conclusions, to which no response is required.

### COUNT FOUR

81. Defendants incorporate by reference their answers to Paragraphs 1-80 above.

82. Defendants deny the allegations in this paragraph.

83. Defendants deny the allegation in sentence one that BLM has failed to update and revise information in its 1981 HMAP. The remaining allegations in this paragraph are legal conclusions, to which no response is required.

### COUNT FIVE

84. Defendants incorporate by reference their answers to Paragraphs 1-83 above.

85. The allegations in this paragraph are legal conclusions, to which no response is required.

86. The allegations in this paragraph are legal conclusions, to which no response is required.

## COUNT SIX

87. Defendants incorporate by reference their answers to Paragraphs 1-86 above.

88. The allegations in this paragraph are legal conclusions, to which no response is required.

89. The allegations in this paragraph are legal conclusions, to which no response is required.

90. The allegations in this paragraph are legal conclusions, to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over one or more of Plaintiffs' claims.

2. One or more of Plaintiffs' claims fails to state a claim for which relief can be granted.


WHEREFORE, Defendants respectfully request that this Court deny all relief sought by Plaintiffs, grant judgment to Defendants, and grant Defendants any other appropriate relief.

Respectfully submitted this 29th day of February, 2008.

RONALD J. TENPAS,
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

CHARLES FINDLAY, Assistant Chief
/s/ Kevin J. Larsen
KEVIN J. LARSEN, Trial Attorney
Natural Resources Section
601 D Street, N.W.
Washington, D.C. 20004
Telephone: (202) 305-0258
Kevin.Larsen@usdoj.gov

JEAN E. WILLIAMS, Chief
Wildlife and Marine Resources Section
KRISTEN BYRNES FLOOM
Trial Attorney (DC Bar No. 469615)
Wildlife and Marine Resources Section
601 D Street, N.W.
Washington, D.C. 20004
Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

Attorneys for Defendants