UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLORADO WILD HORSE AND BURRO COALITION, INC., et al.,<br><br>             Plaintiffs,<br><br>          v.<br><br>DIRK KEMPTHORNE, et al.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civ. No. 06-1609 RMC<br><br>   **FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD** |

## INTRODUCTION

In this case Plaintiffs challenge a decision by the Bureau of Land Management ("BLM") to remove all remaining wild horses in the West Douglas Herd Area. See Plaintiffs Second Amended Complaint for Declaratory and Injunctive Relief, Dkt. No. 57 (Jan. 4, 2008) at 31 ("Second Am. Compl.").  Plaintiffs also seek a declaratory judgment regarding whether BLM may legally remove all horses from an area occupied by wild horses at the passage of the Wild Free Roaming Horses and Burros Act, 16 U.S.C. § 1331 et seq.  See id.

On April 15, 2008, Defendants filed the administrative record with the Court and served it on Plaintiffs.  See Dkt. No. 60.  On May 16, 2008, Plaintiffs filed a Motion to Supplement the Administrative Record and to Require Defendants to Include in the Administrative Record Certain Information Noted as Withheld in the Defendants' Privilege Log, see Dkt. No. 63 ("Pl. Mot"), and a supporting memorandum.  See Dkt. No. 63-2 ("Pl. Mem.").  Plaintiffs seek to supplement the administrative record with specified documents or categories of documents and to compel Defendants to revise their privilege log or submit the withheld documents for in

camera review.[1]  Although Defendants do not concede that the documents Plaintiffs seek to add are properly part of the administrative record, Defendants will supplement the record with certain additional documents, as described in detail below.  Plaintiffs' request for a revised privilege log – or, in the alternative, submission of the withheld documents for in camera review – should be denied because Defendants have met their burden to show that the deliberative process privilege applies to each withheld document.

## ARGUMENT

I.     **JUDICIAL REVIEW OF PLAINTIFFS' MERITS CLAIMS IS LIMITED TO THE ADMINISTRATIVE RECORD.**

Plaintiffs' merits claims in this action are reviewed under the Administrative Procedure Act ("APA"), which limits judicial review to the administrative record.  See 5 U.S.C. § 706.  See also Camp v. Pitts, 411 U.S. 138, 141-42 (1973).  Under the APA, the court's role is simply to determine whether the federal agency's decisions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  In exercising this limited judicial review authority, the court is required to base its judgment on the administrative record that the agency itself considered, not on some new record developed for the first time in the reviewing court.  See Camp, 411 U.S. at 142; Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983) ("[i]t is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself").  "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision."  Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d

---

[1] Plaintiffs ask the Court to order Defendants to either supplement the privilege log or "produce the documents themselves for review."  Pl. Mem. at 8.  Defendants assume that Plaintiffs refer to in camera review by the Court.

788, 792 (D.C. Cir. 1984).

The rationale for limiting review of agency actions to the administrative record is based chiefly on the principle that a court must not substitute its judgment for that of the agency decisionmaker.  Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, 435 U.S. 519, 549, 555 (1978).  Unlike in the typical civil action, the Court is not to act as a finder of fact when reviewing final agency action under the APA.  Environmental Def. Fund, Inc. v. Costle, 657 F.2d 275, 284-285 (D.C. Cir. 1981) (citing Camp, at 142).  Courts presume that an agency has "properly designated the administrative record absent clear evidence to the contrary." Fund for Animals v. Williams, 245 F. Supp. 2d 49, 55 (D.D.C. 2003).  See also Maritel, Inc. v. Collins, 422 F. Supp. 2d 188, 196 (D.D.C. 2006) ("Although an agency may not unilaterally determine what constitutes the administrative record, the agency enjoys a presumption that it properly designated the administrative record absent clear evidence to the contrary").  As such, submission of extra record evidence and procedures such as discovery, which are specifically designed to uncover and present new facts before the trial court, are nearly always inappropriate in actions challenging agency action under the APA.  Fund for Animals v. Babbitt, 903 F. Supp. 96, 105 (D.D.C. 1995).

Consequently, evidence challenging the merits and propriety of the agency's decision may not be considered by the reviewing court unless it is part of the administrative record. Edison Elec. Inst. v. Occupational Safety & Health Admin., 849 F.2d 611, 617-618 (D.C. Cir. 1988); Pacific Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 4 (D.D.C. 2006) (the administrative record "should not include materials that were not considered by agency decisionmakers") (citation omitted).  "To permit an administrative determination 'to be attacked or supported in court by new evidence,' the Supreme Court has

admonished, 'would substitute the court [for] the administrative tribunal . . . ." <u>Doraiswamy v. Secretary of Labor</u>, 555 F.2d 832, 840 (D.C. Cir. 1976). If the agency's decision cannot be sustained based on the administrative record, then the appropriate remedy is not a <u>de novo</u> evidentiary hearing, but a remand to the agency for further explanation or consideration. <u>Vermont Yankee</u>, 435 U.S. at 549; <u>Camp</u>, 411 U.S. at 143.

## II.   DEFENDANTS WILL PRODUCE CERTAIN ADDITIONAL DOCUMENTS PURSUANT TO PLAINTIFFS' REQUEST.

Plaintiffs seek to supplement the record with several categories of documents. <u>See</u> Pl. Mem. at 3-6. Defendants do not concede that any of these documents are relevant to the resolution of Plaintiffs' claims, or that Plaintiffs have met their burden to provide clear evidence to rebut the presumption that the record produced by Defendants is complete. <u>See</u> <u>Maritel</u>, 422 F. Supp. 2d at 196, citing <u>Bar MK Ranches v. Yeutter</u>, 994 F.2d 735, 739-40 (10th Cir. 1993) (stating that the administrative record enjoys the same presumption of regularity afforded to other established administrative procedures); <u>Amfac Resorts v. U.S. Dep't of Interior</u>, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) (noting the "standard presumption" that the agency designated the administrative record properly). Nor have Plaintiffs demonstrated that they fall within any of the narrow circumstances under which extra-record review is permitted. <u>See</u> <u>James Madison Ltd. v. Ludwig</u>, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (extra-record review permitted when: (1) agency deliberately or negligently excluded documents that may have been adverse to its decision; (2) court requires background information to determine whether agency considered all relevant factors; or (3) administrative record is so bare it precludes judicial review).

However, in the interest of avoiding further litigation on the scope of the administrative record, Defendants will file a supplemental record by June 6, 2008, adding documents within

their possession, as described below.  Defendants agree that the parties and the Court may rely

on these additional documents for purposes of the parties' cross-motions for  summary judgment.


      **A.**     **1997 White River Resource Management Plan ("RMP") And Subsequent Related Documents.**

As noted by Plaintiffs, the administrative record filed by Defendants includes only those

portions of the final 1997 RMP relevant to wild horse management.  <u>See</u> Pl. Mem. at 2, n.1.  The

complete final RMP, draft RMP, Record of Decision, comments, and responses are available

online at http://www.blm.gov/co/st/en/BLM_Programs/land_use_planning/rmp/white_river.html.

Defendants agree that the parties may rely on these documents and attach relevant excerpts to

their summary judgment briefs.

      1.     <u>Correspondence related to Defendants' decision to amend the 1997 RMP.</u>

The July 18, 2001 letter from Field Manager Cagney to Senator Allard, <u>see</u> Pl. Mem. at 3,

is already in the administrative record.  <u>See</u> Vol. 2, Tab 13, page 177.  Defendants will search

their files for the letter from Senator Allard to Field Manager Cagney, and produce it if located.

<u>See</u> Pl. Mem. at 3-4.

      2.     <u>Protest letters and attachments.</u>

Defendants inadvertently produced an incomplete copy of Plaintiffs' protest letter to the

2005 Amendment.  <u>See</u> Pl. Mem. at 4, n.2.  Defendants will supplement the record with a

complete copy of this letter and attachments thereto.

      3.     <u>Documents concerning livestock use of the West Douglas Herd Area.</u>

Defendants will produce the Twin Buttes Allotment Management Plan ("AMP"), which

shows the allocation of forage for livestock in the West Douglas Herd Area, and the related 1999

environmental assessment ("EA").

**B.     Historical census information for the West Douglas Herd Area.**

Plaintiffs seek to supplement the administrative record with "all historical data, including historical maps, of the areas within the [West Douglas Herd Area] that wild horses occupied at the passage of the [Wild Free Roaming Horses and Burros Act]."  Pl. Mem. at 5.  Defendants have already included certain historical census data in the administrative record, including the notes from the first census conducted in the Herd Area.  See AR Vol. 4, Tab 15 (notes from 1974 census); see also Vol. 1, Tab 73, page 501 (2005 EA).  Defendants will search their files and supplement the record with any maps or other additional historical information in their possession.

**C.     Environmental Assessments for interim roundups.**

Plaintiffs seek the EAs and related public comments on gathers conducted in the West Douglas Herd Area in 1998, 2000, 2001, and 2006.  See Pl. Mem. at 6.  Defendants dispute that these documents are properly part of the administrative record.  Plaintiffs do not raise any claims related to these gathers in their Amended Complaint.  Nor could they, because any such claims would be moot since the gathers have already occurred and it is therefore "'impossible for the court to grant any effectual relief whatever'" with respect to those gathers.  Fund for Animals, Inc. v. BLM, 460 F.3d 13, 22 (D.C. Cir. 2006), quoting Beethoven.com, LLC v. Librarian of Congress, 394 F.3d 939, 950 (D.C. Cir. 2005).

Notwithstanding this objection, Defendants will supplement the record with the requested EAs in the interest of quick resolution of Plaintiffs' motion.  The 2006 EA is available online at http://www.blm.gov/style/medialib/blm/co/information/nepa/white_river_field/FY_2006.Par.724 0.File.dat/co11006030_final_ea.pdf.  Defendants are searching their files for the remaining EAs

and will produce them with the supplemental record.  However, Defendants will not include the related public comments, as these comments are voluminous and it would be unnecessarily burdensome for Defendants to produce them.

## III.    DEFENDANTS HAVE MADE THE REQUIRED SHOWING TO ASSERT THE DELIBERATIVE PROCESS PRIVILEGE.

Defendants have met their burden to establish that the deliberative process privilege applies to each document withheld on that basis, and Plaintiffs' requests for a revised privilege log or submission of the withheld documents should be denied.  See Pl. Mem. at 8.  In addition to identifying and summarizing each privileged document in a "Deliberative Process Privileged Log," see Dkt. No. 60, Exhibit 2, at 7-9, Defendants provided a separate declaration describing each document and the basis for asserting the privilege.  See Dkt. No. 60, Exhibit 3, Declaration of Sarah E. Wisely ("Wisely Decl.").  The privilege log and the Wisely Declaration, executed by the Colorado State Director of the Bureau of Land Management ("BLM"), provide an adequate basis for the Court to find that the elements of the deliberative process privilege are met with respect to each withheld document.

Courts are reluctant to force agencies to expose their decisionmaking processes.  See NLRB v. Sears Roebuck & Co., 421 U.S. 132, 151-152 (1975).  Protection of the decisionmaking process is the central purpose of the deliberative process privilege.  Petroleum Info. Corp. v. U.S. Dep't of the Interior, 976 F.2d 1429, 1434 (D.C. Cir. 1992) ("ultimate aim" of deliberative process privilege is to "prevent injury to the quality of agency decisions") (citation omitted).  The deliberative process privilege allows for a free and candid exchange within the agency and accordingly promotes better decisions.

To be properly withheld under the deliberative process privilege a document must be

both pre-decisional and deliberative.  "A document is predecisional if it was 'prepared in order to assist an agency decisionmaker in arriving at his decision,' rather than to support a decision already made.  Material is deliberative if it 'reflects the give-and-take of the consultative process.'" Id. at 1434 (citations omitted).  See also Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980) (a predecisional document was "generated before the adoption of an agency policy" and a deliberative document "reflects the give-and-take of the consultative process").  As explained in the Wisely Declaration, each document withheld satisfies both of these elements.  See Wisely Decl. at ¶ 7 ("In asserting the deliberative process privilege, BLM has narrowly limited its claim of privilege to those documents that are pre-decisional and deliberative, the release of which would harm the important government interest in the quality of administrative decision-making.").

All of the documents pre-date the decision challenged by Plaintiffs – the October 10, 2007 decision by the Colorado State Director of BLM approving the White River Field Office's proposed decision to remove all wild horses from the West Douglas Herd Area – and were prepared to assist the decisionmaker.  See Second Declaration of Kent Walter, Doc. No. 47-2, at ¶ 8 (Oct. 22, 2007); see also October 10, 2007 Decision Record, Doc. No. 47-3 (Exhibit 1 to the Second Walter Declaration).  Further, as explained in the Wisely Declaration, all of the documents reflect the "give-and-take" of the agency decisionmaking process, and their release would chill the candid discussion within the agency.

The descriptions provided in the privilege log, as supplemented by the Wisely Declaration, permit the Court to "pinpoint [the] agency decision or policy to which the document contributed."  State of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice, 823 F.2d 574, 585 (D.C. Cir. 1987) (citation omitted).  For example, the first document, DP1, is an email

- 8 -

between personnel in the BLM Colorado State Office and White River Field Office that "offers a candid analysis of the draft 2004 EA, asks various questions about management options for the West Douglas herd, and poses recommendations about how to address and analyze issues raised by the draft EA."  Wisely Decl. at 4.  This description, and the descriptions provided for each of the 39 documents withheld, are clearly adequate to permit the Court to identify the agency decision to which each document relates.

A number of the documents withheld are drafts, including an excerpt from a draft of the 2005 EA (DP21), see id. at 8-9, and draft responses to protests of the 2005 EA (DP23-28).  See id. at 9-10.  These drafts were subject to review and revision, and are properly withheld as "part of the deliberative process by which [BLM] decided how to proceed."  Sierra Club v. U.S. Dep't of the Interior, 384 F. Supp. 2d 1, 18 (D.D.C. 2004).

Plaintiffs argue that Defendants have withheld information that is "at least in part, factual rather than deliberative in nature."  Pl. Mem. at 7.  Factual information is protected by the deliberative process privilege "if the manner of selecting or presenting those facts would reveal the deliberative process, or if the facts are 'inextricably intertwined' with the policy-making process."  Ryan v. Dep't of Justice, 617 F.2d 781, 790 (D.C. Cir. 1980).  The Wisely Declaration explains that any factual material withheld pursuant to the privilege is "so intertwined with privileged information that the factual information cannot be released without releasing privileged information as well."  Wisely Decl. at ¶ 9.  Further, any factual information withheld "generally is available from other documents in the record."  Id.  Where feasible, Defendants provided redacted documents, withholding only those portions that are clearly deliberative.  See, e.g., id. at 11 (DP31), 12 (DP35), 13 (DP39).

The documents withheld pursuant to the deliberative process privilege reflect internal

discussions of policy decisions and represent tentative positions of various staff members rather than the final position of the agency. Defendants have provided sufficient information in the Wisely Declaration to permit the Court to discern the subject matter of the documents and conclude that each document reflects the exercise of policy-oriented judgment. Thus, Defendants have met their burden to prove that each document was properly withheld pursuant to the deliberative process privilege.

## CONCLUSION

For the foregoing reasons, the Court should permit Defendants to supplement the record with certain additional documents sought by Plaintiffs, as identified supra. The remainder of Plaintiffs' Motion to Supplement should be denied, including Plaintiffs' request for a revised privilege log or, in the alternative, submission of the withheld documents for in camera review.

Respectfully submitted this 27th day of May, 2008.

RONALD J. TENPAS,
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
JEAN E. WILLIAMS, Chief

CHARLES FINDLAY, Assistant Chief
Natural Resources Section
JACOB T. HASEMAN, Trial Attorney
WY Bar No. 6-4238
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-7369
Telephone: (202) 305-0240
Facsimile: (202) 305-0274
jacob.haseman@usdoj.gov

/s/ Kristen Byrnes Floom
KRISTEN BYRNES FLOOM, Trial Attorney
DC Bar No. 469615

- 10 -

Wildlife and Marine Resources Section
601 D Street, N.W.
Washington, D.C.  20004
Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

Attorneys for Defendants